## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Finley*, 7:20cv170 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## ORDER

On November 15, 2021, the Court entered an order granting in part, denying in part, and deferring ruling in part on the parties' respective motions in limine in Plaintiff Theodore Finley's case, *See* ECF No. 85, and on November 17, 2021 the Court held a hearing to discuss parties' motions in limine, priority exhibit lists, and priority deposition designations. The following matters were discussed:

1.      Defendants' motion in limine No. 3 to exclude evidence, argument, and testimony relating to Finley's military service was previously granted. *See* ECF No. 85 at 2.  After considering the discussion of Finley's army history, the Court **VACATES** its prior ruling, and Defendants' motion in limine No. 3 is now **GRANTED in part and DENIED in part**.  Consistent with the Court's prior rulings in other bellwether cases, evidence of Finley's military commendations, performance reviews, and awards will be excluded as improper character bolstering unless (1) the door is opened by Defendants through attack on Finley's character or

military service; (2) the exhibit relates to weapons training; or (3) the exhibit is deemed relevant by the trial judge.  Finley can testify about his deployment and his experiences in the Army as they relate to his noise exposure, including combat. Further, to the extent Finley was wearing the CAEv2 at the time he was injured in the incident that resulted in him receiving the Purple Heart, the fact that Finley received that award, and the circumstances of the incident, are admissible. Additionally, should evidence of Finley's PTSD be deemed relevant by the trial judge in the context of his claims at trial, then all evidence of combat activities will likewise be relevant.

2.      Defendants' motion in limine to exclude testimony or argument that the VA is not a reliable or effective source of healthcare is **DENIED**.[1]  Defendants argue that Finley should be excluded from commenting on the reliability and quality of the medical care administered by the VA because Defendants consider this to be an expert opinion.  The Court disagrees.  Finley's explanation for why he chose to seek, or not to seek, medical treatment at the VA is not an expert opinion.  Finley can testify as to his personal experiences with the VA, and he can give his own opinions about why he chose not to seek VA treatment to explain gaps in his medical care.

---

[1] The Court previously denied this motion due to lack of specificity and heard argument regarding the parties' respective positions at the November 17, 2021 hearing.

3.      The Court previously ruled that Defendants may use select statements from certain VA C&P records for impeachment purposes depending on Finley's trial testimony.  *See* ECF No. 85 at 9.  However, at the November 17th hearing, the parties' informed the Court that these statements, which the Court considered potentially usable for impeachment, were in fact written by a VA examiner and not Finley himself.  Accordingly, Defendants may not use these statements for impeachment.  To the extent there are VA C&P records containing statements written by Finley, these may be used for the limited purpose of impeachment after seeking leave from the trial judge outside the presence of the jury.

4.      The Court considered argument from both parties regarding Plaintiff's motion in limine No. 14 to exclude any reference to unrelated Facebook, Messenger, or other social media postings.  The Court previously ruled on this motion, *See* ECF No. 85, and rulings addressing specific exhibits submitted to the Court will be included in forthcoming Exhibit Order(s).

5.      The Court heard argument regarding D-FINLEY-0321, which includes a list of medications currently, and previously, prescribed to Mr. Finley.  Plaintiff's objections to this exhibit are **OVERRULED** provided that the corresponding testimony concerning this exhibit does not violate the Court's prior orders on ototoxic medication, s*ee 3M MDL Docket*, ECF No. 1330, or admissible expert testimony and opinions, s*ee Finley*, ECF No. 62.

6.      After considering the discussion of Finley's mental health/emotional distress claims during the hearing, the Court now **VACATES** its prior rulings on the following motions in limine, and **DEFERS RULING** on them until trial:

    a. Finley's 2012 house fire and loss of personal possessions (P MIL 3)

    b. Finley's financial condition, including references or suggestions that Finley is malingering and/or exaggerating injuries for secondary gain or monetary purposes (P MIL 4)[2]

Additionally, the Court continues to **DEFER RULING** on the following motions in limine until trial:

    a. The general admissibility of Dr. Robert Collins' testimony and/or references to his medical exam and testing (P MIL 9)

    b. References to opinions, testing and/or findings by Finley's withdrawn experts and all corresponding defense experts (P MIL 17)

    c. References to documents and/or testing relating to mental health diagnoses or treatment other than garden-variety effects of hearing loss and/or tinnitus (P MIL 20)

    d. References to opinions, testing, records, or testimony of Dr. Melanie Ottenbacher (P MIL 21)

    e. References to opinions, testing, records, or testimony of Dr. James Ezelle (P MIL 22)

---

[2] To the extent that evidence of Finley's financial condition is deemed relevant at trial, Defendants remain precluded from suggesting or implying in any way that this impacts Finley's credibility or that he is malingering and/or exaggerating his injuries for financial gain.

The admissibility of the above evidence will be determined by Chief Judge Walker in the context of the full evidentiary record at trial.

**SO ORDERED**, on this 20th day of November, 2021.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**